

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE FUNEZ–VEGA, | § | |
|     Petitioner–Defendant | § | |
| | § | |
| vs. | § | CIVIL ACTION No. B–02–215 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent–Plaintiff | § | |
|   ( CR B–01–431) | § | |

## GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I.

The Court ordered the Government to respond to Petitioner's, Jose Funez–Vega (hereinafter referred to as Funez) 28 U.S.C. §2255 motion filed on November 15, 2002, by March 17, 2003[1].  The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

On August 14, 2001, Funez was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal re–entry into the United States by an alien, in violation Title 8 U.S.C. §§1326(a) and (b) (DOC 1; PSR 1).  He pled guilty to the indictment on October 9, 2001, by an unconditional plea (PSR 3).

The probation department scored the instant offense at base offense level eight, a sixteen–level adjustment under §2L1.2(b)(1)(A), and recommended that

---

[1]Pursuant to the Court's January 17, 2003 Order, the Government is including the transcripts of Petitioner's guilty plea and sentencing in its answer.

he receive a three-level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a, b) for a total offense level score of twenty-one (21)(PSR 21). His criminal history placed him in criminal history category III (PSR 25). Funez did not object to the PSR.

On January 15, 2002, at sentencing, the district court adopted the PSR as written, and sentenced Funez to forty-six (46) months imprisonment, to be followed by a three-year term of Supervised Release for the instant offense (Sent. Trans. P. 3, 4). He was also ordered to pay $100.00 in mandatory costs (DOC 38). The judgment was entered January 25, 2002 (DOC 38).

Funez did not directly appeal his conviction or sentence. On November 15, 2002, Funez filed the instant motion.

### III.

The instant pleading is timely.

### IV.

The Government denies each and every allegation of fact made by Funez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

### V.

### ALLEGATIONS

Funez alleges his constitutional rights were violated due to ineffective assistance of counsel.

2

a.    His trial counsel was ineffective in failing to obtain suppression of his statement resulting from his illegal arrest.

## VI.

## FUNEZ' BURDEN

Funez' first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255 and requiring "cause and prejudice" standard). Funez must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231–32 and n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the

3

defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra,* 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins,* 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* The circumstances of Funez' arrest would have been known to Funez at the time of his arrest. Funez ignores his burden of 'cause and prejudice' in his motion. "Ineffective assistance", if demonstrated, may satisfy the "cause" prong of his burden. Funez does not suggest his trial counsel was ineffective in his failure to bring a direct appeal.

Funez inferentially alleges that he suffered "prejudice" as a result of his counsel's errors. However, as discussed later, the factual and legal premises underlying Funez' claims are belied by the record and jurisprudence, thus, precluding any potential prejudice to Funez.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage–of–justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain,* 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must

4

demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Funez does not allege he is innocent. He, therefore, fails the "prejudice" prong of his "cause and prejudice" burden.

A.   <u>INEFFECTIVE ASSISTANCE TO SATISFY THE "CAUSE" PRONG</u>

   1.  <u>Legal Principles Governing Ineffective Assistance.</u>

   Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard:   "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000).  To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064.  The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

   In order to succeed on this claim, Funez must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for'

such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d at 196. Funez fails in both regards.

To prevail on his claims, Funez must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

      a. <u>At the plea stage</u>.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm

6

of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Funez must demonstrate that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

### b. Sentencing errors

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843–844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Funez demonstrates that his counsel provided constitutionally infirm representation, Funez must also demonstrate prejudice. Although Funez need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

7

B.    FUNEZ' INEFFECTIVE ASSISTANCE CLAIMS

Funez' "ineffective assistance" claims are premised on several unsupported or incorrect claims.

1.    Illegal Arrest; Suppressible Statement.

Although Funez claims he was accosted by Border Patrol while making a purchase at a convenience store, the PSR indicates he was "accosted" inside a public restroom outside the convenience store by Border Patrol (PSR 4).  Even assuming Funez' factual assertions regarding his instant arrest are accurate; that he was "accosted" in a public store, where he made incriminatory statements and was arrested by Border Patrol agents without a warrant, such allegation does not establish his Fourth Amendment rights were thereby abridged.

A roving border patrol may stop a person and question him concerning citizenship and immigration status if it has reasonable suspicion that he may be an alien. *United States v. Brignoni–Ponce*, 422 U.S. 873, 95 S.Ct. 2574 (1975). Here, Border Patrol followed muddy footprints directly from a border crossing to the location where Funez was encountered (PSR 4).  This would support the reasonable suspicion that Funez had recently illegally crossed into the U.S. and thus was in the country illegally.

Additionally, Funez' prosecution for being "found in" the U.S. in violation of 8 U.S.C. §1326 did not depend upon any statement made by Funez at the time of his arrest.  Even if the agents acted in violation of the Fourth Amendment, Funez

can not suppress the discovery of his identity or illegal status. *United States v. Herrera–Ochoa*, 245 F.3d 495, 498 (5th Cir. 2001); *United States v. Roque–Villanueva*, 175 F.3d 345 (5th Cir. 1999)(identity not suppressible). The critical evidence against Funez would be established simply by matching his fingerprints with his A–file.

Border Patrol's actions were further authorized by statute:

8 U.S.C. §1357 authorizes Border Patrol agents in relevant part:

> "2) to arrest any alien who in his presence or view is entering or attemptingto enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 C.F.R. §287.5 further delineates the authority of immigration officers.

> (a) Power and authority to interrogate and administer oaths. Any immigration officer as defined in § 103.1(q) of this chapter is hereby authorized and designated to exercise anywhere in or outside the United States the power conferred by:
>
> > (1) Section 287(a)(1) of the Act to interrogate, without warrant, any alien or person believed to be an alien concerning his or her right to be, or to remain, in the United States,

9

8 CFR §287.8 delineates the authority of Border Patrol agents to conduct arrests.

b) Interrogation and detention not amounting to arrest.

(1) Interrogation is questioning designed to elicit specific information. An immigration officer, like any other person, has the right to ask questions of anyone as long as the immigration officer does not restrain the freedom of an individual, not under arrest, to walk away.

(2) If the immigration officer has a reasonable suspicion, based on specific articulable facts, that the person being questioned is, or is attempting to be, engaged in an offense against the United States or is an alien illegally in the United States, the immigration officer may briefly detain the person for questioning.

(3) Information obtained from this questioning may provide the basis for a subsequent arrest, which must be effected only by a designated immigration officer, as listed in §287.5(c).

(c)(1) Authority. Only designated immigration officers are authorized to make an arrest. The list of designated immigration officers varies depending on the type of arrest as listed in § 287.5(c)(1) through (c)(5).

(2) General procedures.

(i) An arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States.

(ii) A warrant of arrest shall be obtained whenever possible prior to the arrest.

(iii) At the time of the arrest, the designated immigration officer shall, as soon as it is practical and safe to do so:

10

(A) Identify himself or herself as an immigration officer who is authorized to execute an arrest;

and

(B) State that the person is under arrest and the reason for the arrest.

(iv) With respect to an alien arrested and administratively charged with being in the United States in violation of law, the arresting officer shall adhere to the procedures set forth in § 287.3 if the arrest is made without a warrant, and to the procedures set forth in § 242.2(c)(2) of this chapter if the arrest is made with a warrant.

(v) With respect to a person arrested and charged with a criminal violation of the laws of the United States, the arresting officer shall advise the person of the appropriated rights as required by law at the time of the arrest, or as soon thereafter as practicable. It is the duty of the immigration officer to assure that the warnings are given in a language the subject understands, and that the subject acknowledges that the warnings are understood. The fact that a person has been advised of his or her rights shall be documented on appropriate Service forms and made a part of the arrest record.

(vi) Every person arrested and charged with a criminal violation of the laws of the United States shall be brought without unnecessary delay before a United States magistrate judge, a United States district judge or, if necessary, a judicial officer empowered in accordance with 18 U.S.C.

11

> 3041 to commit persons charged with such crimes.

Here, it appears Funez was encountered by Border Patrol and briefly detained and questioned (PSR 4). During this encounter, Funez admitted his illegal status. Funez was then arrested. The agent's actions were in compliance with federal regulations and with federal criminal jurisprudence.

Even if the agents acted contrary to their regulations in arresting Funez without a warrant, Funez can not demonstrate prejudice. "[T]he internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party. *United States v. Craveiro,* 907 F.2d 260, 264 (5th Cir. 1990), See *United States v. Michaud,* 860 F.2d 495, 497 (1st Cir.1988) (citing case: *United States v. Busher,* 817 F.2d 1409, 1411 [9th Cir.1987]). "The failure of an agency to follow its own regulations is not, however, a per se denial of due process unless the regulation is required by the constitution or a statute. *Arzanipour v. I.N.S.,* 866 F.2d 743, 746 (5th Cir. 1989).

Even if Border Patrol violated the above guidelines, Funez can not demonstrate prejudice. A failure in this regard does not void a subsequent conviction. "Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. *Gerstein v. Pugh,* 420 U.S. 103, 119, 95 S.Ct. 854, 865-66 (1974)(citing *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 [1952]); *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886).

As Funez fails to demonstrate he suffered an illegal arrest, he fails to demonstrate his counsel was constitutionally ineffective in failing to file a motion to suppress his admission upon his "illegal arrest" of his illegal alien status.

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. §2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Funez's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the  Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return–Receipt Requested to Jose Funez–Vega, # 11423–079, RCDC II, Box 731, P.O. Box 1560, Pecos, TX 79772 on this the 14th day of March, 2003.

**MARK M. DOWD**
**Assistant U.S. Attorney**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE FUNEZ–VEGA, | § | |
|     Petitioner–Defendant | § | |
| | § | |
| vs. | § | CIVIL ACTION No.  B–02–215 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent–Plaintiff | § | |
|     ( CR B–01–431) | § | |

## ORDER

The Court, having considered Funez' motion to vacate sentence and the Government's response, concludes that dismissal of the cause is warranted.

Funez has failed to overcome the jurisdictional burden of demonstrating cause for failure to pursue his claim on direct appeal.  Funez fails to demonstrate any prejudice as a result of the complained of deficiencies or his actual innocence. Funez fails to show his attorney's performance was deficient or that he suffered any prejudice therefrom.  Even if the merits were reached, the record refutes the substance of each of his claims.

Therefore, Funez's motion should be DISMISSED in its entirety.

DONE on this the _____ day of _____, 2003 at Brownsville, Texas.

_____
FELIX RECIO
UNITED STATES MAGISTRATE JUDGE