UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 0 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE FUNEZ-VEGA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-215 |
| | § | CRIMINAL NO. B-01-431 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jose Funez-Vega (Petitioner) has filed a 28 U.S.C. §2255 petition for a writ of habeas corpus. Petitioner asserts that his writ should be granted due to his counsel's ineffectiveness. The Government has filed a Motion to Dismiss (Doc. # 6). For the following reasons, the Government's Motion to Dismiss (Doc. # 6) should be GRANTED, and Petitioner's petition for a writ of habeas corpus should be DENIED.

## BACKGROUND

On October 9, 2001, Petitioner pleaded guilty without a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Petitioner received a 16-level increase in his guideline score for prior convictions. After adjustments, his guideline level was 21 and he possessed a criminal history level of III. On January 15, 2002, the District Court sentenced Petitioner to forty-six (46) months incarceration to be followed by a three-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs. The judgment was entered on January 25, 2002. Funez-Vega did not directly appeal his conviction or sentence, and on November 15, 2002, he filed the instant motion.

1

## ALLEGATIONS

Funez-Vega alleges his constitutional rights were violated due to ineffective assistance of counsel.  Specifically, Petitioner argues his trial counsel was ineffective in failing to suppress Funez-Vega's statement, which he alleges resulted from an illegal arrest.

## ANALYSIS

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[1]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[2]  In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

[2] See Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Darden v. Wainwright, 477 U.S. 168, 184 (1986); Strickland v. Washington, 466 U.S. at 687-88; Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997); Andrews v. Collins, 21 F.3d 612, 621 (5th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992), cert. denied, 507 U.S. 1056 (1993); and Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992), cert. denied, 504 U.S. 992 (1992).

reasonable professional assistance.[3] The courts are extremely deferential in scrutinizing the

performance of counsel and make every effort to eliminate the distorting effects of hindsight.[4] It

is strongly presumed that counsel has rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment.[5] An attorney's strategic choices,

usually based on information supplied by the defendant and from a thorough investigation of

relevant facts and law are virtually unchallengeable.[6] Counsel is required neither to advance

---

[3] See Strickland v. Washington, 466 U.S. at 687-91; Jones v. Cain, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); Green v. Johnson, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997), cert. denied, 523 U.S. 1099 (1998); Belyeu v. Scott, 67 F.3d 535, 538 (5th Cir. 1995), cert. denied, 517 U.S. 1144 (1996); Duff-Smith v. Collins, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. See Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993); Martin v. Maggio, 711 F.2d 1273, 1279 (5th Cir. 1983), cert. denied, 469 U.S. 1028 (1984).

[4] See Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Burger v. Kemp, 483 U.S. 776, 789 (1987); Strickland v. Washington, 466 U.S. at 689; United Stats v. Drones, 218 F.3d 496, 500-03 (5th Cir. 2000); Carter v. Johnson, 131 F.3d at 463; Williams v. Cain, 125 F.3d 269, 276 (5th Cir. 1997), cert. denied, 525 U.S. 859 (1998); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997); United States v. Gaudet, 81 F.3d 585, 592 (5th Cir. 1996); and Belyeu v. Scott, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, see Westley v. Johnson, 83 F.3d 714, 723 (5th Cir. 1996), cert. denied, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. See Williams v. Cain, 125 F.3d at 276, citing Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994), cert. denied, 513 U.S. 960 (1994).

[5] See Strickland v. Washington, 466 U.S. at 690; and Duff-Smith v. Collins, 973 F.2d at 1182.

[6] See Jones v. Jones, 163 F.3d 285, 300 (5th Cir. 1998), cert. denied, 528 U.S. 895 (1999); Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997), cert. denied, 522 U.S. 944 (1997); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); Boyle v. Johnson, 93 F.3d 180, 187-88 (5th Cir. 1996), cert. denied, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); West v. Johnson, 92 F.3d 1385, 1406-09 (5th Cir. 1996), cert. denied, 520 U.S. 1242 (1997) (ruling that a trial counsel's failure to conduct further investigation into the defendant's

every non-frivolous argument nor to investigate every conceivable matter inquiry into which

could be classified as non-frivolous.[7]  A criminal defense counsel is not required to exercise

clairvoyance during the course of a criminal trial.[8]  Likewise, the Sixth Amendment does not

require that counsel do what is impossible or unethical; if there is no bona fide defense to the

charge, counsel is not required to create one.[9]

The proper standard for evaluating counsel's performance under the Sixth Amendment is

"reasonably effective assistance."[10]  "An error by counsel, even if professionally unreasonable,

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

---

head injury and psychological problems was reasonable where interviews with the defendant and the
defendant's family failed to produce any helpful information); Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir.
1994), citing Strickland v. Washington, 466 U.S. at 691; and Andrews v. Collins, 21 F.3d at 623 (deciding
that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background
where counsel had no reason to believe that further investigation would be useful).

[7] See Neal v. Cain, 141 F.3d 207, 214-15 (5th Cir. 1998) (holding that petitioner's complaints
regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of Strickland where
proposed defenses were without merit); Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that
"counsel cannot be deficient for failing to press a frivolous point"); United States v. Gibson, 55 F.3d 173,
179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless
motions"); Smith v. Collins, 977 F.2d 951, 960 (5th Cir. 1992), cert. denied, 510 U.S. 829 (1993) (revealing
that "the defense of a criminal case is not an undertaking in which everything not prohibited is required; nor
does it contemplate the employment of wholly unlimited time and resources"); Koch v. Puckett, 907 F.2d
524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections");
Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to
investigate everyone whose name is mentioned by the defendant).

[8] See Sharp v. Johnson, 107 F.3d 282, 290 n.28 (5th Cir. 1997), citing Garland v. Maggio, 717 F.2d
199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation).
See also Lackey v. Johnson, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to
discover evidence about which the defendant knew but withheld from his counsel).

[9] See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); Jones v. Jones, 163 F.3d at 303.

[10] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

the judgment."[11]  "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[12]  In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[13]  The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[14]

Given the language of *Strickland* itself, the test applies to the conduct of counsel both in preparation for and at trial.[15]  An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance.[16]  The extent of an

---

[11] Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2067.

[12] Id.

[13] See Williams v. Taylor, 529 U.S. at 391; Strickland v. Washington, 466 U.S. at 694.

[14] See Williams v. Taylor, 529 U.S. at 393 n.17; Strickland v. Washington, 466 U.S. at 692.

[15] See, e.g., Martin v. McCotter, 796 F.2d 813, 816-17 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987) (holding that the *Strickland* test applied to both the trial and sentencing phases of a criminal proceeding); and Nealy v. Cabana, 764 F.2d 1173, 1178-80 (5th Cir. 1985).

[16] See Moore v. Johnson, 194 F.3d 586, 608 & 616 (5th Cir. 1999); and Bryant v. Scott, 28 F.3d at 1435.

attorney's investigation into an area must be viewed in the context of the defendant's cooperation with the attorney's investigation and with a heavy measure of deference to counsel's judgments.[17]

Due to the fact that a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[18]  Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[19]  It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[20]  Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[21]

---

[17] See Carter v. Johnson, 131 F.3d at 463; and Randle v. Scott, 43 F.3d 221, 225 (5th Cir. 1995), cert. denied, 515 U.S. 1108 (1995) (ruling that trial counsel was not ineffective for failing to investigate the validity of the defendant's prior conviction where the defendant was aware that the prior conviction had been reversed but failed to disclose same to his counsel and, instead, instructed his counsel to cease investigation into the matter so as to expedite the defendant's entry of a guilty plea). However, an attorney who is aware of potential mitigating evidence is obligated to investigate the existence of such evidence beyond merely communicating with the defendant. Ransom v. Johnson, 126 F.3d at 723.

[18] See Strickland v. Washington, 466 U.S. at 700; Ransom v. Johnson, 126 F.3d at 721; Green v. Johnson, 116 F.3d at 1122; United States v. Seyfert, 67 F.3d 544, 547 (5th Cir. 1995); and Armstead v. Scott, 37 F.3d at 210. See also Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on both prongs of the *Strickland* test).

[19] See United States v. Hoskins, 910 F.2d 309, 311 (5th Cir. 1990); and Thomas v. Lynaugh, 812 F.2d 225, 229-30 (5th Cir. 1987), cert. denied, 484 U.S. 842 (1987).

[20] See Black v. Collins, 962 F.2d at 401; Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986), cert. denied, 482 U.S. 916 (1987); and Martin v. McCotter, 796 F.2d 813, 821 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987).

[21] See Kinnamon v. Scott, 40 F.3d 731, 735 (5th Cir. 1994), cert. denied, 513 U.S. 1054 (1994); Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990); Russell v. Lynaugh, 892 F.2d 1205, 1213 (5th Cir. 1989), cert. denied, 501 U.S. 1259 (1991); United States v. Woods, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and Ross v. Estelle, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

In this case, Funez-Vega makes conclusory allegations in support of his claims of ineffective assistance of counsel. "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."[22] It appears in this case that Rodriguez-Garza's trial counsel was at the very least "reasonably effective."[23] Petitioner fails to raise any claims that raise to a constitutional level, therefore his motion to vacate sentence should be dismissed.

## RECOMMENDATION

For the reasons articulated above, the Government's Motion to Dismiss (Doc. # 6) should be GRANTED, and Petitioner's petition for a writ of habeas corpus should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[24]

DONE at Brownsville, Texas, this _7th_ day of April, 2003.


Felix Recio
United States Magistrate Judge

---

[22] See United States v. Wilkes, 20 F.3d at 653 (5th Cir. 1994).

[23] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

[24] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE FUNEZ-VEGA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-215 |
| | § | CRIMINAL NO. B-01-431 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Government's Motion to Dismiss (Doc. # 6) is hereby GRANTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2003.

_____
Hilda Tagle
United States District Judge